# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

William James and
Terri Tucker (Lowe),
Plaintiffs,

v.

Barbara Hunt, Tyler Perry,
Oprah Winfrey, et al., and
Judge Thomas W. Thrash, Jr.
Defendants.

Civil Action No. 17-14866 and 18-13553-GG

District Court Civil Action No. 1:17-cv-01181-TWT

Confidential: Judicial Complaint No. 11-25-90153 (pending)

Plaintiffs' Motion to Recall Mandate (Fraud on the Court, Manifest Injustice, and Due Process Violations)

---

## NOTICE TO THE CHIEF JUDGE REGARDING ADMINISTRATIVE HANDLING OF MOTION TO RECALL MANDATE

---

Appellate Action No. 17-14866 and No. 18-13553

## NOTICE REGARDING CLERK'S INTERPRETATION OF RULE 41-1(c)

## AND REQUEST FOR JUDICIAL GUIDANCE

**(Relating to Motions to Recall Mandate in 17-14866 and 18-13553)**

The undersigned respectfully submits this notice in connection with the motions to recall the mandate in the above-captioned cases, Case Nos. 17-14866 and 18-13553.

During the process of submitting these motions, the undersigned was advised by a deputy clerk that, pursuant to 11th Cir. R. 41-1(c), the Clerk's Office could not accept a motion to recall the mandate if it is filed more than one year after issuance of the mandate. The clerk further directed the undersigned to review Rule 41-1(c) and indicated that, based on internal guidance, such filings would not be accepted after one year.

The undersigned respectfully submits that this interpretation is inconsistent with the plain language of Rule 41-1(c), which provides that a motion to recall the mandate filed after one year must "state with specificity why it was not filed sooner," and that the Court "will not grant the motion unless the movant has established good cause for the delay in filing the motion." The rule does not prohibit the Clerk from accepting such filings; rather, it conditions acceptance on the inclusion of a specific statement of good cause for the delay. The determination of whether good cause is established is reserved for the Court, not the Clerk's Office.

Accordingly, to ensure that the motions to recall the mandate in both cases are properly received, docketed, and considered in accordance with the governing rules, and to preserve the undersigned's appellate and due process rights, the undersigned respectfully requests that the Court direct the Clerk's Office to accept

for filing any motion to recall the mandate that includes the required statement of good cause for delay, and to reserve all substantive determinations for the Court. This notice is included within the body of the motions in both cases to ensure that the filings are properly docketed and considered in accordance with Rule 41-1(c). Included within Recall Mandate:

**NOTICE: Statement of Good Cause for Delay in Filing Motion to Recall Mandate (FRAP 41-1(c); 11th Cir. R. 41-1(c))**

Pursuant to 11th Cir. R. 41-1(c), the undersigned respectfully submits the following statement explaining with specificity why the motion to recall the mandate was not filed within one year of its issuance:

Between 2020 and 2024, the undersigned faced a series of extraordinary, unforeseeable, and overwhelming life events that directly impaired her ability to pursue appellate remedies in a timely manner:

**COVID-19 Pandemic Disruptions (2020–2022):**

The pandemic caused substantial personal, financial, and logistical hardship, including loss of income and disruption of normal support systems.

**Catastrophic Family Losses and Caregiving Responsibilities:**

- In March 2021, the undersigned's sister passed away during the height of the pandemic, compounding the emotional and logistical burden on the family.

- In June 2020, the undersigned's adult son returned home from a 45-day hospital stay, became home-hospice bound, and ultimately passed away on August 29, 2021.

- During this period, the undersigned's mother suffered severe and unexplained health complications following her second COVID-19 vaccination, becoming immobile and fully dependent on the undersigned for all aspects of care and life management.

- In 2022, the undersigned was required to relocate to New York to hospitalize her mother, coordinate her rehabilitation, and manage her affairs. Her mother's health continued to decline, resulting in multiple hospitalizations and rehabilitation stays until her passing on April 23, 2023.

- In January 2023, the undersigned's stepmother also passed away, further intensifying the period of bereavement and responsibility.

- The undersigned's stepfather (her mother's husband) passed away one month later, on May 24, 2023, necessitating the undersigned's sole responsibility for their estate and affairs.

**Continued Family Crises (2024):**

- In May 2024, the undersigned assumed primary custody and care of a four-year-old grandchild.

- Shortly thereafter, the undersigned's brother became critically ill and passed away on November 26, 2024, again requiring the undersigned's presence and management of family matters.

**Discovery of New Evidence (2025):**

- In 2025, the undersigned discovered additional predicate acts by the Defendants and further evidence of fraud upon the court, which materially affect the basis for seeking recall of the mandate.

Fraud Upon the Court: No Statute of Limitations and Controlling Authority

This recall mandate relies heavily on the existence of fraud upon the court—a doctrine for which there is no statute of limitations. The Supreme Court has consistently recognized that "fraud upon the court" is a most serious form of fraud that "strikes at the integrity of the judicial process" and can be raised at any time:

- **Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244–45 (1944):**

  ("[T]ampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong

against the institutions set up to protect and safeguard the public." The Court vacated a judgment years after entry due to fraud on the court.)

- United States v. Throckmorton, 98 U.S. 61, 65–66 (1878):

(Distinguishing between intrinsic and extrinsic fraud; extrinsic fraud such as fraud upon the court warrants relief even after judgment is final.)

- **Universal Oil Prods. Co. v. Root Refining Co., 328 U.S. 575, 580 (1946):**

("[F]raud on the court is not your 'garden-variety' fraud but, rather, is limited to fraud that seriously affects the integrity of the normal process of adjudication.")

- **Gonzalez v. Sec'y for Dep't of Corr., 366 F.3d 1253, 1274 (11th Cir. 2004) (en banc):**

("Fraud upon the court is a recognized basis for relief from judgment, and courts have inherent power to vacate judgments at any time for such fraud.")

- **Kupferman v. Consol. Research & Mfg. Corp., 459 F.2d 1072, 1078 (2d Cir. 1972):**

("Fraud upon the court... can be raised at any time.")

The Eleventh Circuit has expressly held that "[t]here is no time limit for setting aside a judgment for fraud upon the court." Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1551 (11th Cir. 1985) (relying on Hazel-Atlas and Universal Oil).

**Good Cause for Delay: Extraordinary Circumstances**

The Supreme Court and Eleventh Circuit recognize that extraordinary circumstances beyond a litigant's control constitute "good cause" for procedural delays, especially where the delay is not the result of neglect but of events such as illness, bereavement, or other significant hardships:

- Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993):

  (Excusable neglect is a flexible standard and includes "circumstances beyond the party's control.")

- Advanced Estimating Sys., Inc. v. Riney, 130 F.3d 996, 998 (11th Cir. 1997):

  (Courts consider "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.")

**Application to Present Facts**

These cumulative events, occurring in rapid succession and involving significant caregiving, bereavement, and legal responsibilities, made it impossible for the undersigned to file the instant motion sooner. The delay was not due to neglect or

lack of diligence, but rather to circumstances wholly beyond the undersigned's control.

Accordingly, good cause exists under 11th Cir. R. 41-1(c) for the delay in seeking recall of the mandate, and the undersigned respectfully requests the Court accept the motion for filing and grant such further relief as is just.

Respectfully Submitted,

Dated: On the 28th Day of August

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1) and 11th Cir. R. 32-4, I certify that this motion complies with the type-volume limitation set forth in FRAP 27(d)(2). According to the word-processing system used to prepare this document, the motion contains (771) words, excluding the parts of the motion exempted by FRAP 32(f). The motion has been prepared in a proportionally spaced typeface (Times New Roman, 14-point font) with double spacing and 1-inch margins.

Dated: On the 28th Day of August

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

## VI. CERTIFICATE OF SERVICE

We hereby certify that on 08/28/2025, we filed the foregoing Motion to Recall Mandate and all supporting exhibits by Mail as required by the Eleventh Circuit's filing instructions.

Executed on August 28, 2025,

**Defendants Attorneys:**

| | | |
|---|---|---|
| Lori M. Beranek<br>Assistant United States Attorney<br>600 U.S. Courthouse<br>75 Spring Street SW<br>Atlanta, GA 30303 | Tom J. Ferber, Esq<br>7 Times Square<br>New York, NY 10036-6569 | Richard Gordon, Esq<br>1495 Powers Ferry Road Ste 101<br>Marietta, GA 30067 |

Executed on 28th Day of August, 2025.

Respectfully submitted,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff