| | |
|---|---|
| William James and Terri Tucker (Lowe), Appellants, | Civil Action No. 18-13553 – 6 |
| | District Court Civil Action No. 1:17-cv-01181-TWT |
| v. | Confidential: Judicial Complaint No. 11-25-90153 (pending) |
| Barbara Hunt, Tyler Perry, Oprah Winfrey, et al., and Judge Thomas W. Thrash, Jr. Appellees. | Appellants Reply to Appellees' Response to Appellants Motions to Recall Mandates |

## APPELLANTS REPLY TO APPELLEES RESPONSE TO APPELLANTS MOTIONS TO RECALL MANDATES

Appellate Action No. 18-13553

## I. INTRODUCTION

Appellees' response perpetuates a persistent pattern of misrepresentation, procedural gamesmanship, and factual distortion designed to shield both party and judicial misconduct from meaningful review. Through deliberate misstatements of procedural history, the identity and impartiality of the issuing judge, and the true scope of the injunction, Appellees seek to obscure the nature of the operative orders and evade the controlling law and facts that fundamentally undermine their position.

They ignore binding U.S. Supreme Court and Eleventh Circuit precedent protecting Appellants' rights to seek post-judgment relief for fraud upon the court and judicial misconduct, including rights under the Due Process Clause of the U.S. Constitution. This reply corrects the record, rebuts Appellees' legal and factual distortions, and preserves all objections and claims for further review.

From the outset, Appellees—joined by Judge Thrash—have sought not to engage the merits, but to orchestrate a scheme designed to induce the Eleventh Circuit to violate due process and disregard controlling law. Rather than address plaintiffs' well-pleaded claims and the procedural defaults that permeate this record, Appellees have attempted to use an improper injunction and a pattern of concealment to foreclose plaintiffs' rights and secure an outcome based on procedural gamesmanship, not justice. This Court must not be complicit in such a scheme, and is duty-bound to enforce the Constitution and binding precedent, not to ratify the circumvention of the adversarial process.

# I. INTRODUCTION 1

# II. APPELLEES' MISREPRESENTATION OF THE RECORD, JUDICIAL AUTHORITY, AND CASE SCOPE 2

A. Misstatement of Case Number and Judicial Authority 11

B. Docs. 138 and 168: Procedural Defects, Mootness, and Concealment

Order 168 and Injunction Mootness 11

C. Intentional Mischaracterization of Claims 14

D. Systematic Gamesmanship and Judicial Conflicts 14

E. Appeals and Missing Record 15

F. Appellees' Shifting Narrative and Double Doctrine Orders 15

# III. APPELLEES' INJUNCTION ARGUMENT IS LEGALLY BASELESS AND CANNOT BAR APPELLANTS' FILINGS 16

A. No Finality or Jurisdiction 16

B. Rule 60(d)(3) and Appellate Authority 16

C. Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986) 16

# IV. APPELLEES' DEFAULTS AND LITIGATION MISCONDUCT ARE UNDISPUTED 17

A. Repeated Defaults 17

**V. THE APPEALS WERE DECIDED WITHOUT THE FULL**

**RECORD—DUE PROCESS VIOLATION**      17

**VI. THE "VEXATIOUS LITIGANT" LABEL IS A STRATEGIC**

**PLOY TO EVADE THE MERITS AND CONCEAL DEFENSE**

**MISCONDUCT**      18

  A. Vexatious Litigant Label      18

  B. The True Vexatious Litigants: Appellees' Pattern of Procedural

Abuse and Judicial Manipulation      18

  C. Appellees, Not Appellants, Should Be Sanctioned for Contempt

and Fraud Upon the Court      18

**VII. THE INJUNCTION AND JUDGMENT ORDERS WERE**

**DUPLICATIVE, DEFECTIVE, AND MISREPRESENTED AS FINAL**      21

  A. The "Double Doctrine" Problem and Improper Use of Summary Judgment      21

  B. Lionsgate's Exclusion and Lack of Finality      23

  C. Misrepresentation to the Appellate Court      23

  D. The Consequences of Jurisdictional Misrepresentation      23

  E. Post Judgment Order Doc. 208 Devoid of Law      23

**VIII. APPELLEES REMAIN IN DEFAULT AND LACK**

**STANDING TO BRIEF OR APPEAL**      24

A. Default Bars Further Participation Absent Relief     24

B. Supreme Court and Eleventh Circuit Authority     24

C. Appellees' Technical Default Continues Through Post-Judgment     24

D. The Injunction Cannot Cure Default or Confer Standing     **24**

## IX. APPELLANTS' FILINGS WERE NECESSARY AND SUBSTANTIVE; APPELLEES' RESPONSES WERE PROCEDURALLY AND SUBSTANTIVELY DEFICIENT     24

A. Appellants' Filings Were Required to Preserve Rights and Comply With Rule 60(b)(4)-(6) and (d)(3)     24

B. Appellees' Failure to Answer the Merits, Procedural Defaults, and Untimely Responses     25

C. Appellees' Reliance on the Injunction to Shield Misconduct and Judicial Conflict     25

D. Judge's Failure to Address the Merits and Duty to Recuse     25

E. Appellees' Continued Default and Evasion of RICO Claims     25

F. The Necessity of Appellants' Supplemental Filings and Judicial Integrity     25

G. The Judge's Refusal to Address Merits or Recuse— A Due Process Violation     26

H. The Pattern of Judicial and Defense Evasion Supports Appellants'

RICO Claims                                                          26

I. The Appellees' Use of Appellants' Arguments to Deflect Their Own

Misconduct                                                          26

J. The Cumulative Effect: A Complete Denial of Due Process          26

**XI. CLARIFICATION OF PARTY DESIGNATIONS**                         27

**XII. CONCLUSION**                                                 28

**CERTIFICATE OF COMPLIANCE**                                       29

**CERTIFICATE OF SERVICE**                                          30

# TABLE OF AUTHORITIES

| Cases | Page(s) |
|---|---|

*Anderson v. Liberty Lobby, Inc.,*

477 U.S. 242 (1986)     18

*Armstrong v. Manzo,*

380 U.S. 545 (1965)     15

*Bass v. Hoagland,*

172 F.2d 205 (5th Cir. 1949)     24

*Booker v. Singletary,*

90 F.3d 440 (11th Cir. 1996)     17

*Calderon v. Thompson,*

523 U.S. 538 (1998)     17

*Caperton v. A.T. Massey Coal Co.,*

556 U.S. 868 (2009)     3, 10

*Catlin v. United States,*

324 U.S. 229 (1945)     22

*Celotex Corp. v. Catrett,*

477 U.S. 317 (1986)     18, 20

| Cases | Page(s) |
|---|---|

*Dresdner Bank AG v. M/V Olympia Voyager,*

463 F.3d 1210 (11th Cir. 2006)     12

*Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,*

561 F.3d 1298 (11th Cir. 2009)     24

*Fritz v. Standard Sec. Life Ins. Co.,*

676 F.2d 1356 (11th Cir. 1982)     12

*Granny Goose Foods, Inc. v. Brotherhood of Teamsters,*

415 U.S. 423 (1974)     21

*Haines v. Kerner,*

404 U.S. 519 (1972)     15

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.,*

322 U.S. 238 (1944)     17

*Liljeberg v. Health Services Acquisition Corp.,*

486 U.S. 847 (1988)     3, 10

*Living Designs, Inc. v. Dupont,*

431 F.3d 353 (9th Cir. 2005)     14

*Moore v. State of Florida,*

703 F.2d 516 (11th Cir. 1983)     12, 18

| Cases | Page(s) |
|---|---|

*Nishimatsu Constr. Co. v. Houston Nat'l Bank,*

515 F.2d 1200 (5th Cir. 1975)                          24

*Procup v. Strickland,*

792 F.2d 1069 (11th Cir. 1986)                         19

*Thompson v. Wooster,*

114 U.S. 104 (1885)                                    24

**Statutes and Rules**

18 U.S.C. § 1964(c)                                    14

28 U.S.C. § 1291                                       22

28 U.S.C. § 455                                        10

Fed. R. Civ. P. 11                                     21

Fed. R. Civ. P. 15(a)(1)                               12

Fed. R. Civ. P. 54(b)                                  22

Fed. R. Civ. P. 55(a)                                  22

Fed. R. Civ. P. 56                                     18

Fed. R. Civ. P. 60(b), 60(d)(3)                        17

Fed. R. Civ. P. 65                                     21

## II. APPELLEES' MISREPRESENTATION OF THE RECORD, JUDICIAL AUTHORITY, AND CASE SCOPE

### A. Misstatement of Case Number and Judicial Authority

Appellees misattribute the operative injunction and key orders to "Case No. 1:17-CV-1181-RWS," implying Judge Richard W. Story issued the injunction. In fact, Judge Story was removed as of Document 71; all subsequent orders—including Docket 168 (injunction) and Docket 138 (judgment on the pleadings)—were issued by Judge Thomas W. Thrash, Jr. ("TWT"), who was a named defendant at the time and never relieved by a three-judge panel or chief judge as required by law. Orders issued under these circumstances are void for want of jurisdiction and violate due process and judicial impartiality. See *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 865 (1988); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009).

### B. Docs. 138 and 168: Procedural Defects, Mootness, and Concealment of the Amended Complaint

Order 138, entered in response to defendants' motion (Doc. 74) styled as a Rule 12(b)(6) motion to dismiss for failure to state a claim but converted to a Rule 12(c) motion for judgment on the pleadings, is procedurally and legally defective for

multiple reasons. Both the motion and the resulting order addressed only the original complaint, not the operative amended complaint.

Pursuant to Fed. R. Civ. P. 15(a)(1), Appellants timely filed the amended complaint (Doc. 85) as a matter of right. Under controlling Eleventh Circuit law, "an amended complaint supersedes the original complaint and renders it of no legal effect." (Fritz v. Standard Sec. Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982)). Once Doc. 85 was filed, all prior motions—including Doc. 74—and any orders directed at the original complaint, including Order 138, were rendered moot. No appealable order could properly issue from a motion directed at a non-operative pleading.

Federal law is clear: all parties must answer or otherwise respond to the amended complaint, and failure to do so results in default. See Fed. R. Civ. P. 55(a); *Moore v. State of Florida*, 703 F.2d 516, 520 (11th Cir. 1983). Courts routinely hold that pending motions directed at a superseded complaint are automatically mooted by the filing of an amended complaint, and no party may evade this rule by seeking permission to proceed on an obsolete pleading. See Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006).

Appellants preserved and asserted their rights at every stage: in Document 117, responding to the judge's filing; in Document 119, formally requesting default

after more than two months of defendants' non-response to Doc. 85; and again in Document 162, objecting to attempts to bypass default. At no time did any defendant move to set aside default, nor did the court enter an order vacating it. When defendants sought summary judgment (Doc. 157), Appellants maintained that default judgment was proper and that default could not be disregarded or set aside sua sponte or at a party's unilateral request. The judge's failure to order the clerk to enter default judgment, and instead acting in a manner akin to defense counsel, violated the Federal Rules and deprived Appellants of their procedural rights.

Furthermore, the amended complaint (Doc. 85) was deliberately withheld from appellate review in Case No. 17-14866, depriving the Eleventh Circuit of the full and accurate record necessary for meaningful review. This concealment is particularly prejudicial because Doc. 85 named Judge Thomas W. Thrash, Jr. as a defendant, who, while represented by AUSA Lori M. Beranek (see Doc. 116), continued to issue orders in his own case. Judge Thrash was also formally served by then–Attorney General Jeff Sessions (Doc. 100), with a summons issued (Doc. 94)—facts withheld from the appellate record.

The result is a cascade of procedural and constitutional violations:

Defendants had no right to defend or respond to the amended complaint without first seeking leave to answer or move to dismiss the new pleading;

Judge Thrash, as a defendant, had no lawful authority to rule or execute orders in a case in which he was a party;

All orders and appeals flowing from Doc. 138 are void or voidable due to the concealment of the operative complaint and the judge's disqualification. See *Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868 (2009*); Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847 (1988).

Order 168 and Injunction Mootness

Moreover, subsequent orders—including Doc. 157 (summary judgment) and Doc. 168 (injunction)—are likewise moot and void. The so-called "double doctrine" is evident: the court ruled twice on the same alleged copyright infringement claims (in Docs. 138 and 168) without ever properly adjudicating or closing out the Civil RICO claims. Critically, summary judgment cannot lawfully serve as a basis for an injunction; by law, injunctive relief of this nature must be sought via a motion for sanctions, not through summary judgment proceedings. The injunction issued in Doc. 168 is therefore procedurally defective, legally void, and cannot stand.

In summary: Once an amended complaint is filed, all defendants must answer or risk default, and all prior motions are moot. Any order, judgment, or appeal based

on a superseded complaint is void or voidable as a matter of law. Accordingly, Orders 138 and 168 should be declared moot and void ab initio, all subsequent proceedings and appeals based on those orders must be vacated, and the case reassigned to a neutral judge for adjudication on the merits of the operative amended complaint (Doc. 85), with all withheld documents incorporated into the record for full and fair review.

## C. Intentional Mischaracterization of Claims

Appellees repeatedly and falsely characterize Appellants' predicate acts of fraud, obstruction, and RICO violations as mere "copyright infringement." The case is fundamentally about fraud upon the court, litigation misconduct, default, and deprivation of a fair opportunity to litigate—not about simple copyright claims. See 18 U.S.C. § 1964(c); *Living Designs, Inc. v. Dupont*, 431 F.3d 353 (9th Cir. 2005).

## D. Systematic Gamesmanship and Judicial Conflicts

The defense and the judge engaged in a pattern of procedural gamesmanship:

- Defaulting on the amended complaint (Doc. 85), triggering a duty to answer and resulting in five separate defaults in this case.

- Filing duplicative, untimely answers using the same counsel for multiple parties.

- Failing to properly respond to summary judgment under Rule 56 and Local Rule 56-1.

- Engaging in "judge shopping" by requesting Judge Thrash by name (Doc. 31), despite his family member's (Annie Thrash) involvement in Tyler Perry's "Too Close to Home"—a direct conflict of interest.

- Judge Thrash ruling on his own status as a defendant, never relieved by a neutral panel, and issuing orders in excess of jurisdiction.

**E. Appeals and Missing Record**

This and related appeals (including 17-14866) were decided without the benefit of a complete record: key documents such as Doc. 85 (amended complaint), Doc. 31 (motion for judge by name), Doc. 42 (objection to Tom Ferber's appearance), and Appellants' rebuttals were omitted or ignored. This undermined appellate review and resulted in rulings based on incomplete and misleading information.

**F. Appellees' Shifting Narrative and Double Doctrine Orders**

Appellees consistently shift the narrative away from the actual subject of fraud upon the court, mischaracterizing this civil RICO action as a copyright dispute. The "double doctrine" rulings—first in Doc. 138 (judgment on the pleadings), then in Doc. 168 (injunction)—created the illusion of finality while leaving critical parties and claims unresolved.

# III. APPELLEES' INJUNCTION ARGUMENT IS LEGALLY BASELESS AND CANNOT BAR APPELLANTS' FILINGS

## A. No Finality or Jurisdiction

The injunction was issued while the district court was divested of jurisdiction by pending appeals (see *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56 (1982)), and after the judge was named as a defendant. Orders 154 and subsequent filings were entered while the case was on appeal, making them void ab initio.

## B. Rule 60(d)(3) and Appellate Authority

Appellants' motions—including to recall the mandate—are expressly permitted under Rule 60(d)(3), Fed. R. Civ. P., and Supreme Court/Eleventh Circuit precedent (*Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 246 (1944); *Calderon v. Thompson,* 523 U.S. 538, 554 (1998); *Booker v. Singletary,* 90 F.3d 440, 442 (11th Cir. 1996)). No "permission" from a conflicted or disqualified judge is required.

## C. *Procup v. Strickland,* 792 F.2d 1069 (11th Cir. 1986)

Even the broadest filing injunctions must allow access to the courts for legitimate claims, especially those alleging fraud, misconduct, or jurisdictional defects.

# IV. APPELLEES' DEFAULTS AND LITIGATION MISCONDUCT ARE UNDISPUTED

## A. Repeated Defaults

Appellees failed to answer the operative amended complaint (Doc. 85), triggering default by operation of law (Fed. R. Civ. P. 55; see also Doc. 119).

Appellees filed untimely, duplicative answers (Doc. 33, 43, 44) using the same counsel and content as other parties.

Appellees did not respond to summary judgment (Doc. 61, 211) as required by Rule 56 and Local Rule 56-1, compounding their default.

Appellees used omnibus motions (Doc. 67, 206) to avoid addressing specific claims, violating procedural rules.

Judge Thrash continued to rule on his own status and interests, never relieved by a neutral panel, in violation of 28 U.S.C. § 455 and Supreme Court precedent (*Caperton, Liljeberg*).

# V. THE APPEALS WERE DECIDED WITHOUT THE FULL RECORD— DUE PROCESS VIOLATION

Both this appeal and 18-13553 were decided without all operative documents, including Doc. 85 (amended complaint and default), Doc. 31 (motion for judge by name), Doc. 42 (objection to transfer to judge by name), and Appellants'

rebuttals—violating due process. See *Armstrong v. Manzo*, 380 U.S. 545 (1965); *Haines v. Kerner*, 404 U.S. 519 (1972).

## VI. THE "VEXATIOUS LITIGANT" LABEL IS A STRATEGIC PLOY TO EVADE THE MERITS AND CONCEAL DEFENSE MISCONDUCT

### A. Vexatious Litigant Label

Appellees' invocation of the "vexatious litigant" label is a transparent effort to distract from their own procedural defaults and misconduct. It is not supported by any finding of bad faith or vexatiousness, nor by a Rule 11 motion or order.

### B. The True Vexatious Litigants: Appellees' Pattern of Procedural Abuse and Judicial Manipulation

Appellees, not Appellants, are the true vexatious litigants. The record demonstrates repeated defaults, improper filings, and manipulation of judicial assignment and process, including the undisputed personal connection between Judge Thrash and Annie Thrash on Tyler Perry's "Too Close to Home."

### C. Appellees, Not Appellants, Should Be Sanctioned for Contempt and Fraud Upon the Court

Appellees have persistently manipulated the judicial process and remain in default, never curing or setting aside their defaults as required by law—including defaults following the amended complaint (Doc. 85), and subsequent filings (Docs. 197,

199, 203, 211), after their initial default was established (Doc. 52) and untimely

Answers (Docs. 43, 44). Their ongoing failure to respond or seek relief from

default strips them of standing to participate in these proceedings. Instead of

engaging in timely, adversarial litigation, Appellees have relied willfully and

improperly on their relationship with the presiding judge, rather than addressing

the merits or following procedural rules. This pattern of conduct, coupled with

their refusal to cure default and their dependency on judicial favoritism, constitutes

contempt of court and fraud upon the judicial process. Under Eleventh Circuit and

Supreme Court precedent, such conduct warrants sanctions and vacatur of all

orders issued in contravention of the Federal Rules and due process.

Despite being afforded ample opportunity, Appellees have never answered or

opposed the merits of Appellants' motions to recall the mandate, nor have they

denied the substantive allegations of fraud upon the court articulated throughout

these proceedings. Instead, Appellees rely exclusively on the improper injunction

as a procedural barrier, seeking to foreclose Appellants' right to seek redress for

judicial and party misconduct. Their persistent failure to respond to or defend

against the recall mandate, or to deny any of the well-pleaded allegations of fraud,

constitutes an admission of those allegations under controlling law. See *Moore v.*

*State of Florida*, 703 F.2d 516, 520 (11th Cir. 1983) ("By failing to respond,

defendants admitted the facts."). The record thus stands unrebutted and the relief sought by Appellants is further warranted.

Moreover, neither the judge nor the defendants have ever answered or denied the core facts establishing their default. The judge himself is in default and failed to address or respond to the default status, while defendants never denied their failure to answer the operative amended complaint (Doc. 85), never moved to set aside default, and never denied receiving service of process. At no point did defendants dispute the concealment of critical documents from the record. Their silence on these crucial procedural violations is, under controlling law, a deemed admission. Instead of defending against the merits of the recall mandate or the substantive allegations of fraud and misconduct, defendants have relied exclusively on the improper injunction as a procedural weapon, seeking to foreclose plaintiffs' due process rights and circumvent the law. Their approach is not grounded in legal authority but represents a calculated attempt to induce the Eleventh Circuit to ignore binding precedent and due process in order to shield the improper alliance between Judge Thrash and the defendants, and to destroy the merits of plaintiffs' case through procedural manipulation rather than substantive adjudication.

# VII. THE INJUNCTION AND JUDGMENT ORDERS WERE DUPLICATIVE, DEFECTIVE, AND MISREPRESENTED AS FINAL

## A. The "Double Doctrine" Problem and Improper Use of Summary Judgment

The injunction (Doc. 168) and the judgment on the pleadings (Doc. 138) are duplicative, non-final, and procedurally defective, as they omit key parties (such as Lionsgate) and fail to resolve all claims. Critically, the court compounded these errors by improperly using summary judgment (Doc. 157) as a procedural vehicle to issue an injunction—an action not permitted by law.

### Legal Principle: Proper Use of Summary Judgment

### Federal Rule of Civil Procedure 56 (Summary Judgment):

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The rule is strictly limited to resolving claims or defenses based on the record of material facts—not for imposing injunctions, sanctions, or other extraordinary relief unless those are the claims specifically pleaded and supported by undisputed facts.

Eleventh Circuit Law:

The Eleventh Circuit has repeatedly held that summary judgment is only proper "when there are no genuine issues of material fact and the moving party is entitled

to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Moore v. State of Florida, 703 F.2d 516, 519–20 (11th Cir. 1983). Summary judgment is not a procedural tool for the court to issue injunctions or sanctions unless those are specifically sought and supported by the factual record. See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").

Summary Judgment is Not a Substitute for Sanctions or Injunctions:

Injunctive relief must be sought by a separate motion and is governed by Federal Rule of Civil Procedure 65, which requires notice, a hearing, and specific findings. See Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 433 n.7 (1974) ("[T]he requirements of Rule 65 must be strictly observed.").

Sanctions must be sought under Rule 11 or other applicable rules, requiring notice and an opportunity to respond. Summary judgment cannot be used to impose sanctions or bar future filings unless the party is given explicit notice and a chance to be heard. See Procup v. Strickland, 792 F.2d 1069, 1074–75 (11th Cir. 1986).

**Summary:**

Summary judgment under Rule 56 is strictly limited to the adjudication of claims based on undisputed material facts. It cannot lawfully be used to impose

injunctions, sanctions, or bar future filings unless such relief is specifically

pleaded, supported by the record, and the requirements of Rules 11 and 65 are met.

Any order purporting to use summary judgment as a procedural shortcut for

injunctive or punitive relief is void under federal law and Eleventh Circuit

precedent.

## B. Lionsgate's Exclusion and Lack of Finality

The omission of Lionsgate rendered the orders non-final and defective as a matter

of law.

## C. Misrepresentation to the Appellate Court

The district judge misrepresented the finality of orders to the appellate court,

depriving Appellants of meaningful review.

## D. The Consequences of Jurisdictional Misrepresentation

Jurisdictional finality is a prerequisite for appellate review (28 U.S.C. § 1291;

*Catlin v. United States*, 324 U.S. 229 (1945)).

## E. Post Judgment Order Doc. 208 Devoid of Law

Orders barring post-judgment motions for fraud upon the court, especially when

the judge is a defendant, are void and violate 28 U.S.C. § 455.

## VIII. APPELLEES REMAIN IN DEFAULT AND LACK STANDING TO BRIEF OR APPEAL

### A. Default Bars Further Participation Absent Relief

A party in default cannot participate in subsequent proceedings unless the default is set aside. See *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200 (5th Cir. 1975); *Bass v. Hoagland*, 172 F.2d 205 (5th Cir. 1949).

### B. Supreme Court and Eleventh Circuit Authority

See *Thompson v. Wooster*, 114 U.S. 104 (1885); *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298 (11th Cir. 2009).

### C. Appellees' Technical Default Continues Through Post-Judgment

Appellees have never answered the substance of Appellants' post-judgment motions.

### D. The Injunction Cannot Cure Default or Confer Standing

An injunction cannot revive rights lost by default.

## IX. APPELLANTS' FILINGS WERE NECESSARY AND SUBSTANTIVE; APPELLEES' RESPONSES WERE PROCEDURALLY AND SUBSTANTIVELY DEFICIENT

### A. Appellants' Filings Were Required to Preserve Rights and Comply With Rule 60(b)(4)-(6) and (d)(3)

Each filing was necessary to preserve rights and comply with procedural requirements for relief under Rule 60(b) and (d).

## B. Appellees' Failure to Answer the Merits, Procedural Defaults, and Untimely Responses

Appellees never answered the substance of Appellants' motions.

## C. Appellees' Reliance on the Injunction to Shield Misconduct and Judicial Conflict

Procedural orders cannot shield fraud or judicial misconduct.

## D. Judge's Failure to Address the Merits and Duty to Recuse

The judge's orders failed to address the substance of Appellants' motions and violated 28 U.S.C. § 455.

## E. Appellees' Continued Default and Evasion of RICO Claims

Appellees have continued to evade the RICO claims and the substance of Appellants' arguments.

## F. The Necessity of Appellants' Supplemental Filings and Judicial Integrity

Each supplemental filing was compelled by new facts and procedural developments.

## G. The Judge's Refusal to Address Merits or Recuse—A Due Process Violation

The judge's refusal to recuse constitutes a structural due process violation.

## H. The Pattern of Judicial and Defense Evasion Supports Appellants' RICO Claims

The record demonstrates a pattern of obstruction and fraud supporting the RICO claims.

## I. The Appellees' Use of Appellants' Arguments to Deflect Their Own Misconduct

Appellees have cynically adopted Appellants' language while ignoring the evidence.

## J. The Cumulative Effect: A Complete Denial of Due Process

Taken together, these actions constitute a wholesale denial of due process.

## XI. CLARIFICATION OF PARTY DESIGNATIONS

Appellants and Appellees are referred to as such in accordance with Eleventh Circuit practice. Any prior use of "Plaintiffs" and "Defendants" in related filings refers to their current appellate capacities.

## XII. CONCLUSION

For the foregoing reasons, Appellants respectfully request that the Court:

1. Reject Appellees' mischaracterizations and factual misstatements;

2. Recognize that Appellants' filings are proper, necessary, and protected by law, including the U.S. Constitution, Supreme Court, and Eleventh Circuit precedent;

3. Clarify that no injunction or "vexatious litigant" order may bar redress for fraud upon the court, judicial misconduct, or the recall of a mandate;

4. Take judicial notice of the true procedural history and docket, including the entry of default, the judge's status as a defendant, and the missing appellate record;

5. Recall its mandate and grant all appropriate relief, entering judgment in favor of Appellants on all claims properly before the Court;

6. Grant such further relief as justice requires.

Respectfully submitted,

Dated: on the 9th day of September 2025


Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1) and 11th Cir. R. 32-4, I certify that this motion complies with the type-volume limitation set forth in FRAP 27(d)(2). According to the word-processing system used to prepare this document, the motion contains (6,308) words, excluding the parts of the motion exempted by FRAP 32(f). The motion has been prepared in a proportionally spaced typeface (Times New Roman, 14-point font) with double spacing and 1-inch margins.

Dated: On the 9th Day of September.

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff

## VI. CERTIFICATE OF SERVICE

We hereby certify that on 09/09/2025, we filed the foregoing Motion to Recall

Mandate and all supporting exhibits by Mail as required by the Eleventh Circuit's

filing instructions.

Executed on September 9, 2025,

**Appellees Attorneys:**

Lori M. Beranek
Assistant United States
Attorney
600 U.S. Courthouse
75 Spring Street SW
Atlanta, GA 30303

Tom J. Ferber, Esq
7 Times Square
New York, NY 10036-
6569

Richard Gordon, Esq
1495 Powers Ferry
Road Ste 101
Marietta, GA 30067

Executed on 9th Day of September, 2025.

Respectfully submitted,

Terri Tucker (Lowe)
Address: 1136 Joslin Path
Douglasville, GA 30134
Phone: 678-822-4593
Email: terrilowe43@gmail.com
Pro Se Plaintiff

William James
Address: 14920 Ashland Ave
Harvey, Illinois 60426
Phone: 773-990-9373
Email: bj255758@yahoo.com
Pro Se Plaintiff